MARY BOYD v. SPENCER BOYD, ET AL.

**Dower of Wife.**

When the heirs and devisees of the husband over the claim and protest of the widow receive all the money from the sale of real estate they become liable to her for such dower.

APPEAL FROM BATH CIRCUIT COURT.

March 20, 1880.

OPINION BY JUDGE PRYOR:

It is not necessary to discuss again the right of Mrs. Boyd to dower in the land, or rather the proceeds of the land sold by the creditors of her husband. It has been twice decided that she was entitled, and there must be an end to litigation.

The heirs and devisees of Spencer Boyd have received this money, and to the extent of assets they are liable. If all are not before the court some have received a sum sufficient to more than pay the appellant, and these parties should be required to pay and look to the other devisees for contribution. If Mrs. Boyd is enabled to assert this claim it is because of the action on the part of Spencer Boyd's representatives in refuting her right to dower in the original action.

The land sold to Wright & Jones for $16,028. The dower interest of Mrs. Boyd was one-third for life. The absolute value of her dower interest is $3,216. The question is: When is this sum to begin bearing interest? The claim of Mrs. Boyd was not properly asserted against these devisees until the 17th of March, 1876, and although the money had been long since paid to the representatives of Spencer Boyd, this dormant claim against the heirs and devisees ought not to be doubled by adding to it the accumulated interest,

prior to March 17, 1876, when the claim was for the first time legiti-
mately made against the devisees or their representatives. The
$3,216 should bear interest from that date, March 17, 1876. A judg-
ment on the return of the cause will be entered against ·the devisees
or their representatives for the amount to the extent only of the as-
sets had. The commissioner's report shows what amount each dev-
isee has received. If there is any error as to the amount received
by the devisees it may be referred for report on that branch. The
amount to which the appellant is entitled must be regarded as set-
tled.

· Judgment *reversed* and cause remanded. The appellant is only
to be charged for new record in taxing cost.

*Reid & Stone, A. Duvall, for appellant.*

*William Lindsay, N. P. Reid, J. S. Hunt, R. Gudgell & Son, for
appellees.*